CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 04 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH'S TREE FARMS, | )<br>) |
| Appellant, | ) Civil Action No. 7:15-CV-00015<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GRAYSON NATIONAL BANK,<br>FIRST COMMUNITY BANK,<br>CHRISTOPHER MICALE, Trustee, | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge<br>)<br>) |
| Appellees. | ) |

In this appeal from the United States Bankruptcy Court for the Western District of Virginia, Appellant Keith's Tree Farms (the "Farm") seeks review of the bankruptcy court's memorandum opinion and order denying confirmation of its third amended plan, denying leave to further amend the plan, and dismissing its Chapter 12 bankruptcy petition. For the following reasons, the court will affirm the decision of the bankruptcy court in full.

### Background

The Farm is a general partnership operating in Wythe and Carroll counties in Virginia. It sells Christmas and live nursery trees, and also provides trucking services, both for the hauling of its trees and for limestone producers and users. Curtis Keith and his two sons act as general partners of the Farm, and Verna Keith, Mr. Keith's wife, serves as its secretary and bookkeeper. On August 14, 2013, the Farm filed a voluntary bankruptcy petition under Chapter 12 of the Bankruptcy Code, 11 U.S.C. §§ 1201 et seq. In its petition, the Farm reported $1,674,148.26 in secured claims, including $1,383,962.68 owed to Grayson National Bank ("GNB") and $206,114.47 owed to First Community Bank ("FCB") (collectively, "the secured creditors").

The Farm filed its first plan for reorganization on November 12, 2013. The secured creditors filed objections to this plan,[1] as did the Chapter 12 trustee. On December 4, 2013, the Chapter 12 trustee also filed a motion to dismiss the Farm's petition on the basis that the Farm's ability to make plan payments was "speculative at best." Bankr. Docket No. 33-1.

The bankruptcy court denied confirmation of the Farm's first plan for reorganization on March 13, 2014. Thereafter, the Farm amended its plan and schedules. Both secured creditors objected to the amended plan and a confirmation hearing was scheduled for June 5, 2014. On April 29, 2014, however, the Farm filed a second amended plan, and then, approximately one week later, a third. The secured creditors objected to the third amended plan, arguing that it was not filed in good faith, that it failed to pay the present value of the secured claims, and that it was not feasible. On May 23, 2014, FCB also filed a motion to dismiss the Farm's petition, arguing that the Farm's repeated inability to craft a confirmable plan resulted in unreasonable and prejudicial delay to creditors and continuing loss to the estate.

The bankruptcy court held a hearing on confirmation of the third amended plan and the two pending motions to dismiss on June 5, 2014. See Hrg. Tr. at 4, Bankr. Docket No. 130. At the beginning of that hearing, the Chapter 12 trustee withdrew his motion to dismiss, leaving only FCB's motion pending. Id. The bankruptcy court asked the parties whether they should first address FCB's motion to dismiss or the objections to confirmation of the third amended plan. Id. at 5. Because the primary basis for FCB's motion to dismiss was the Farm's inability to produce a confirmable plan, counsel for FCB suggested that the court hear evidence on the creditors' objections to the third amended plan and the feasibility of that plan before considering the motion to dismiss.[2] Id. To that end, Mr. and Mrs. Keith testified extensively in support of the plan. Id. at

---

[1] Creditor First Bank of Virginia also objected to this plan, but later withdrew that objection.
[2] At this stage in the proceedings, counsel for the Farm noted to the bankruptcy court that FCB's motion had not been filed more than 21 days before the hearing. Id. Nothing more was said about the timeliness of the motion.

2

15-122. GNB then called Tom Gentry, a bank executive familiar with the Farm's account, to testify against confirmation of the plan. Id. at 122-148. At the close of the hearing, the bankruptcy court took the pending matters under advisement. Id. at 149. The court provided the parties with time to submit additional briefing on all outstanding issues, including FCB's motion to dismiss. See id.; see also June 10, 2014 Order, Bankr. Docket No. 125.

On October 3, 2014, the bankruptcy court issued an opinion denying confirmation of the Farm's third amended plan. See Mem. Op., Bankr. Docket No. 136. The court found that the plan failed both because it was not feasible and because it failed to provide the secured creditors with the full present value of their allowed claims. The bankruptcy court denied the Farm leave to further amend its plan after concluding that the Farm failed to show a reasonable likelihood of reorganization. It therefore granted FCB's motion to dismiss the Farm's petition without prejudice. After the court issued this decision, the Farm filed a motion to alter or amend the judgment, asserting that the bankruptcy court's decision to dismiss its petition constituted legal or factual error. See Bankr. Docket No. 142. Specifically, the Farm argued that FCB's motion to dismiss was untimely, and that dismissal based on a motion not properly pending before the court violated its due process rights. The bankruptcy court denied the Farm's motion on November 17, 2014.[3] See Bankr. Docket No. 157.

---

[3] The appellees argue that this court lacks jurisdiction over this appeal, because the Farm did not file a notice of appeal within 14 days of the bankruptcy court's decision, opting instead to file a motion to alter or amend the judgment in the bankruptcy court. According to the appellees, this motion attempted to re-litigate the motion to dismiss, rather than to have the court correct a manifest error of law or fact. See In re Midway Airlines, Inc., 180 B.R. 1009, 1012 (Bankr. N.D. Ill. 1995) ("The function of a motion [to alter or amend] is not to serve as a vehicle to relitigate old matters or to present the case under a new legal theory."). The appellees thus argue that the Farm's motion to alter or amend did not toll the time within which it needed to file a notice of appeal to this court. Although the court ultimately disagrees with the Farm's arguments with respect to dismissal of its case, as discussed herein, the court believes that the Farm filed the motion to alter or amend with a good faith belief that the bankruptcy court had improperly ruled on "either a withdrawn or improper motion," which might have constituted an error of law or fact appropriately addressed in a motion to alter or amend. See Reply Br. at 4-5, Docket No. 8. The court thus finds that the Farm's motion to alter or amend tolled the time period within which it needed to file its notice of appeal. Its November 24, 2014 notice of appeal, filed within 14 days of the bankruptcy court's decision denying its motion to alter or amend, was therefore timely filed.

3

The Farm timely appealed the bankruptcy court's decision. The matter has been briefed and the court heard argument on April 7, 2015. The matter is now ripe for review.

## Standard of Review

The court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's findings of fact for clear error. In re Merry–Go–Round Enterprises, 180 F.3d 149, 154 (4th Cir. 1999); Bankruptcy Rule 8013. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). "Due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Farouki v. Emirates Bank Int'l Ltd., 14 F.3d 244, 250 (4th Cir. 1994). The party seeking reversal of the bankruptcy court's factual findings bears the burden of proving that those findings are clearly erroneous. In re Rape, 104 B.R. 741, 747 (W.D.N.C. 1989). A bankruptcy court's conclusions of law, on the other hand, are reviewed de novo. In re Harford Sands Inc., 372 F.3d 637, 639 (4th Cir. 2004). If an issue presents a mixed question of law and fact, the court applies the clearly erroneous standard to the factual portion of the inquiry and de novo review to legal conclusions derived from those facts. Gilbane Bldg. Co. v. Fed. Reserve Bank, 80 F.3d 895, 905 (4th Cir. 1996). "[D]ecisions made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or an abuse of discretion." In re Lawless, 79 B.R. 850, 852 (W.D. Mo. 1987).

## Discussion

The Farm appeals several facets of the bankruptcy court's October 3, 2014 decision. The court will affirm the bankruptcy court's decision in its entirety for the reasons outlined below.

4

*I.    Denial of Plan Confirmation*

The Farm argues that the bankruptcy court erred in not confirming the Farm's third amended plan. The court is constrained to disagree.

The secured creditors objected to confirmation of the Farm's third amended plan on a number of grounds, including that the plan proposed an unreasonably low interest rate; that it was not proposed in good faith; that it proposed to amortize the plan payments over a period that was not commercially reasonable; and that it unfairly discriminated among creditors. See Bankr. Mem. Op. at 12-13; see also 11 U.S.C. § 1225 (outlining criteria with which a plan must conform in order to be confirmed). If a creditor challenges any element required for confirmation, the debtor bears the burden of proving its compliance therewith. See In re Brown, 244 B.R. 603, 607 (Bankr. W.D. Va. 2000).

The bankruptcy court refused to confirm the Farm's third proposed amended plan in part because the court found that the plan was not feasible. When deciding whether to confirm a proposed Chapter 12 plan, a bankruptcy court must consider whether "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1225(a)(6). Feasibility is "fundamentally a fact question." In re Rape, 104 B.R. at 748 (citing In re Crowley, 85 B.R. 76, 78-79 (W.D. Wis. 1988)). To find that a plan is feasible, "the court must be persuaded that 'it is probable, not merely possible or hopeful, that the Debtors can actually pay the restructured debt and perform all obligations of the plan.'" In re Hughes, No. 06-80219, 2006 WL 2620438, at *3 (Bankr. M.D.N.C. Sept. 11, 2006) (citing In re Rape, 104 B.R. 741, 749 (W.D.N.C. 1989)); see In re Honeyman, 201 B.R. 533, 537 (Bankr. D.N.D. 1996) (stating that a plan must be "based on realistic and objective facts as opposed to visionary or overly optimistic projections").

5

"While the debtor bears the ultimate burden of proof as to the feasibility of the plan, the court should give the Chapter 12 debtor the benefit of the doubt regarding the issue of feasibility when the debtor's plan projections use reasonable data in light of the current economic climate." In re Hughes, 2006 WL 2620438, at *3. "The court must also consider the farm's earning power, capital structure, managerial efficiency, past performance, and whether the same management will continue to operate the farm." Id. "Feasibility is never certain, particularly in farm situations. It is an element of confirmation that is difficult to prove, equally difficult to decide." In re Wise, No. 12-07535, 2013 WL 2421984, at *3 (D.S.C. May 31, 2013).

In this case, the bankruptcy court considered Mr. Keith's testimony regarding the state of the Farm's operations and the value of the trees on its property, Mrs. Keith's testimony as to the Farm's cash flow projections, and the payments made by the Farm to the Chapter 12 trustee prior to confirmation. Ultimately, the court decided that this evidence was insufficient to prove that the third amended plan was feasible. Specifically, the bankruptcy court found that the Farm's projections, prepared by Mrs. Keith, contained several significant errors, "rendering [that data] insufficient to permit the [court] to conclude that the financial projections…are more likely true than not." Mem. Op. at 15. For example, the bankruptcy court found that, although the Farm had projected a positive net cash balance of $39,240 for the year, it had inadvertently omitted $54,000 worth of salary payments from its projections. Id. at 15-16. Moreover, the projections lacked continuity; for example, the month of May ends with a cash balance of $3,580, but the month of June begins with a cash balance of $24,980. Considering these discrepancies and omissions, the bankruptcy court concluded that, "even taking [the Farm's] projections in the light most favorable to its position, the plan is not feasible." Id. at 16. The bankruptcy court also considered Mr. Keith's testimony that property owned by the Farm contained millions of dollars' worth of trees unreliable in light of contradictory evidence. See id. The court ultimately decided that the Farm

6

had failed to meet its burden with respect to feasibility, given the "material defects" in the Farm's income and expense predictions and Mr. Keith's "unreasonably optimistic" testimony. Id. at 17.

On appeal, the Farm points out that it made payments to the Chapter 12 trustee in accordance with the terms of the proposed plan prior to confirmation. The court agrees that voluntary payments under a proposed plan may weigh in favor of feasibility, but that evidence is certainly not conclusive. The Farm also argues that the secured creditors failed to present any evidence contradicting the Farm's projections or valuations; however, they were not required to do so. See In re Hughes, 2006 Bankr. LEXIS 228, at *7 (noting that the burden of proof with respect to feasibility is on the debtor). Finally, the Farm emphasizes that bankruptcy courts often "give family farm debtors the benefit of the doubt on the issue of feasibility," as farming can be an uncertain venture. In re Wise, 2013 WL 2421984, at *3. It is true that, when weighing evidence of feasibility, "it is not error for a [bankruptcy] court to consider, along with the hard numbers, the human factor." Id. But that does not give the bankruptcy court license to ignore the hard numbers altogether. At bottom, the bankruptcy court must determine, based on the evidence presented, "whether the things which are to be done after confirmation can be done as a practical matter under the facts." In re Rape, 104 B.R. at 748-49 (citing In re Clarkson, 767 F.2d 417, 420 (8th Cir. 1985)). Here, the bankruptcy court carefully considered the record and concluded that it was unlikely that the Farm could carry out the requirements of its proposed plan. This decision was not clearly erroneous.[4]

## II. Denial of Leave to Amend

The Farm also argues that, even if the bankruptcy court did not err in denying confirmation

---

[4] On appeal, the Farm also asserts that the bankruptcy court committed error when it denied confirmation based on the treatment of secured creditors under the third amended plan. Specifically, the Farm argues that the bankruptcy court erred in deciding that the plan's proposed interest rate and amortization period did not comport with 11 U.S.C. § 1225(a)(5)(B). See App. Br. at 10-14, Docket No. 5; Mem. Op. at 17-21. Because the court affirms the bankruptcy court's decision to deny confirmation of the plan on feasibility grounds, the court need not address the alternative grounds on which the bankruptcy court denied confirmation.

7

of its third amended plan, it erred in denying the Farm leave to further amend its plan. The court is again constrained to disagree.

The bankruptcy court's denial of leave to amend is reviewed for abuse of discretion only. See In re Rood, 426 B.R. 538, 557 (D. Md. 2010). Accordingly, "the [district court] must affirm under the abuse of discretion standard unless it 'determine[s] that the [bankruptcy] court has made a clear error of judgment or has applied an incorrect legal standard.'" Pasternak & Fidis, P.C. v. Wilson, No. 14-01308, 2014 WL 4826109, at *5 (D. Md. Sept. 23, 2014) (citing Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1513 (11th Cir. 1996)). This means that "under the abuse of discretion standard there will be occasions in which [the district court] affirms the [bankruptcy] court even though [it] would have gone the other way had it been [its] call." Id. (citing Macklin v. Singletary, 24 F.3d 1307, 1311 (11th Cir. 1994)).

In denying the Farm further leave to amend its plan, the bankruptcy court emphasized that the Farm had already filed four unsuccessful plans. The court found that successful confirmation of any plan appeared unlikely, "considering the consistent objections to confirmation, lack of evidence sufficient to overcome the objections, and the inability of the [F]arm and its creditors to reach an agreement on any aspect of the plan." Mem. Op. at 22. Accordingly, the bankruptcy court decided that "[a]uthorizing leave to amend would be fruitless." Id. at 23. "Bankruptcy courts are given a great deal of discretion to say when enough is enough" when it comes to granting or denying the opportunity to amend reorganization plans. Matter of Woodbrook Assocs., 19 F.3d 312, 322 (7th Cir. 1994). The court finds no abuse of discretion in the bankruptcy court's decision to deny leave to amend in this case.

### III. Dismissal of the Petition

Finally, the Farm argues that the bankruptcy court erred in granting FCB's motion to dismiss its petition. The court is once again constrained to disagree.

8

Case 7:15-cv-00015-GEC Document 11 Filed 08/04/15 Page 8 of 11 Pageid#: 886

The Bankruptcy Code provides that

> [o]n request of a party in interest, and after notice and a hearing, the court may dismiss a case under [Chapter 12] for cause, including – (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors; …(5) denial of confirmation of a plan…and denial of a request made for additional time for filing another plan or a modification of a plan; … [and] (8) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation…

11 U.S.C. § 1208(c). The decision to dismiss a Chapter 12 bankruptcy petition is within the sound discretion of the bankruptcy court. See In re Brown, 82 F.3d 801, 806 (8th Cir. 1996). Here, the bankruptcy court granted FCB's motion to dismiss based on its conclusion that "[t]he inaccurate financial information [provided by the Farm] and the [Farm's] inability to file a confirmable plan[] amount to an unreasonable delay that is prejudicial to creditors." Mem. Op. at 24. The court finds no abuse of discretion in this conclusion, for the reasons discussed above.

The Farm argues that the bankruptcy court's decision was nonetheless in error, however, because FCB's motion to dismiss was not filed 21 days or more before the bankruptcy court's June 5, 2014 hearing. The Federal Rules of Bankruptcy Procedure provide that "at least 21 days' notice" should be provided to the debtor before "the hearing on the dismissal of the case." Fed. R. Bankr. P. 2002(a)(4). FCB filed its motion to dismiss on May 23, 2014 – only thirteen days before the bankruptcy court's hearing. At the close of that hearing, however, the court took all pending matters under advisement and provided the parties with additional time to file briefing on all outstanding issues. See June 10, 2014 Order, Bankr. Docket No. 125. Specifically, the court provided the Farm with 21 days to submit "his brief in support of confirmation of the third amended [C]hapter 12 plan and any authority in opposition to the motions to dismiss." Id. The bankruptcy court explicitly stated that it would "defer ruling on all remaining pending matters until after determination of the objections to confirmation and the motions to dismiss the case." Id. In total, therefore, the Farm was afforded 34 days to respond to FCB's motion. Although the Farm filed a post-hearing brief in

9

accordance with the bankruptcy court's order, see Bankr. Docket No. 127, it did not address FCB's motion to dismiss in that brief.

The Farm attempts to overcome this omission by insisting that FCB's motion was untimely, because FCB "had not filed any motion to shorten time for hearing." Docket No. 5 at 8. The Bankruptcy Rules provide, however, that "for cause shown," a bankruptcy court "may in its discretion <u>with or without motion or notice</u> order [a] period [set forth in the rules] reduced." Fed. R. Bankr. P. 9006(c)(1) (emphasis added). Several justifications support the bankruptcy court's decision to do so with respect to FCB's motion. For one, FCB's late filing was predicated on the Farm's own late-filed third amended plan. Moreover, the issues presented in the motion were familiar to the court and the parties, considering that the Chapter 12 trustee's motion to dismiss, premised on the same arguments, had been pending for several months. Given that the Farm's petition had been pending for nearly a year, the bankruptcy court could have reasonably concluded that deferring consideration of this motion until after another hearing could be scheduled would have unreasonably prejudiced the secured creditors. See In re Sunflower Racing, Inc., 226 B.R. 665, 671-72 (D. Kan. 1998) (finding 7 days notice of conversion hearing not an abuse of discretion under Rule 9006 when reasons existed justifying the bankruptcy court's decision to expedite the hearing). The Farm also asserts that the bankruptcy court did not clearly state that it planned to decide FCB's motion to dismiss after the June 5 hearing. This argument is belied by both the bankruptcy court's docket and its June 10, 2014 Order, both of which reflect that the court intended to rule on FCB's pending motion following the submission of the parties' post-hearing briefs. See Bankr. Docket Nos. 121, 125.

In sum, the court concludes that the Farm received ample notice and opportunity to be heard before the bankruptcy court granted FCB's motion to dismiss. Because the bankruptcy court did not abuse its discretion in so doing, the court will affirm its decision.

10

Case 7:15-cv-00015-GEC   Document 11   Filed 08/04/15   Page 10 of 11   Pageid#: 888

## Conclusion

For the reasons stated, the court will affirm the bankruptcy court's decision in full. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 4th day of August, 2015.

                                                               /s/ Glen E. Conrad
                                                            Chief United States District Judge